# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ERIC MOORE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:22-cv-00803-MHH-SGC |
| ROLONDA CALLOWAY, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On November 3, 2022, the magistrate judge entered a report in which she recommended that the Court dismiss Mr. Moore's § 2254 habeas petition with prejudice as time-barred and procedurally defaulted. (Doc. 5). Mr. Moore objects to the recommended dismissal. (Doc. 6).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is

made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Consistent with the information that he provided in his habeas petition, (Doc. 1), Mr. Moore argues that the Court should excuse his delay in filing his federal habeas petition and his failure to exhaust his remedies in state court because his attorney disregarded his instruction to file a federal habeas petition and withdrew from his representation of Mr. Moore in state court while Mr. Moore's appeal of an adverse ruling on a Rule 32 petition was pending in the Alabama Court of Criminal Appeals. (Doc. 6, pp. 1-2; *see* Doc. 1, pp. 5-7, 9, 10, 12-14, 17-19). In his habeas petition, Mr. Moore asserted that because he is "untrained in the law," he "could not move forward with the appeal" after his lawyer withdrew. (Doc. 1, p. 9).

As the magistrate judge explained in a show cause order and in her report, the one-year period for Mr. Moore to file a federal habeas petition to challenge his state court conviction expired on May 10, 2014, well before Mr. Moore retained an attorney in 2016 to file a habeas petition. (Doc. 1, p. 17; Doc. 5, pp. 4-5).[1] Therefore, by the

---

[1] The magistrate judge described the relevant chronology of events in a show cause order. In that order, the magistrate judge gave Mr. Moore an opportunity to address the chronology and explain why his petition was not untimely. (Doc. 3). In his response to the show cause order, Mr. Moore stated that "the facts submitted in the Order to show cause are factually correct . . . ." (Doc. 4, p. 1).

2

time Mr. Moore's attorney allegedly abandoned him, his federal habeas claims already were time-barred and procedurally defaulted; alleged errors by Mr. Moore's attorney cannot excuse Mr. Moore's delay or revive Mr. Moore's federal claims.[2]

Consequently, the Court overrules Mr. Moore's objection to the magistrate judge's report. The Court accepts the undisputed timeline in the magistrate judge's report, and the Court accepts her recommendation. Be separate order, the Court will dismiss Mr. Moore's § 2254 habeas petition with prejudice as time-barred and procedurally defaulted.

The Court will deny a certificate of appealability. *Rules Governing Section 2254 Cases and Section 2255 Proceedings*, Rule 11(a). If Mr. Moore wishes to appeal the dismissal of his federal habeas petition, he must request a certificate of appealability from the Eleventh Circuit Court of Appeals. *Id.*; Fed. R. App. P. 22; 11th Cir. R. 22-1(b).

**DONE** and **ORDERED** this November 30, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] It appears Mr. Moore retained counsel in 2016 to file a federal habeas petition. According to state court records, the attorney filed a Rule 32 petition in state court four years later. (Doc. 5, p. 2). Mr. Moore filed his federal habeas petition in 2022 without the assistance of an attorney. (Doc. 1).